1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED EDUCATORS OF SAN
FRANCISCO,

                    Petitioner,

        v.

SAN FRANCISCO UNIFIED SCHOOL
DISTRICT,

                    Respondent.
_____/

No. C 05-02828 WHA
Related to:
No. C 78-01445 WHA


**ORDER GRANTING
PETITION TO COMPEL
ARBITRATION**

**INTRODUCTION**

        In this labor dispute, petitioner seeks to enforce arbitration clauses contained in two

collective bargaining agreements.  Because this order finds that there is a valid agreement to

arbitrate and it encompasses (at least some of) the grievances at issue, the petition is **GRANTED**.

**STATEMENT**

        Petitioner United Educators of San Francisco is the bargaining representative for

certificated employees (*i.e.*, teachers, counselors, nurses, etc.) and paraprofessional employees

of respondent San Francisco Unified School District.  On behalf of these two groups of

employees, petitioner negotiated two collective bargaining agreements (Holtzman Exhs. H & I).

Both CBAs contained detailed grievance procedures, culminating in binding arbitration

(Holtzman Exh. H at Art. 19.8.3; Exh. I at Art. 18.8.3).  Petitioner filed separate grievances, one

on behalf of the certificated employees and the other on behalf of the paraprofessional

employees, appended as exhibits to the petition to compel arbitration (*see also* Holtzman

Exhs. K & L).  This petition was filed in San Francisco Superior Court on June 13, 2005, after respondent refused to submit to arbitration.

Respondent removed the case on July 12, 2005.  It argues that the grievances stem from the implementation of a desegregation consent decree in the related case listed above.  By stipulation of the parties in that action, the Dream Schools initiative, also known as Dramatic Accelerated Educational Reform, was incorporated into the consent decree.  By order dated October 18, 2004, the Court required respondent to "take all necessary steps" to reconstitute seven designated schools in time for the 2005–06 school year (Holtzman Exh. B). "Reconstitution" means that an existing school is recreated from scratch, whereby the entire faculty and administration are replaced with a new staff.  Petitioner filed the grievances at issue because employees at the seven schools targeted for conversion into Dream Schools were asked to reapply for their jobs and involuntarily transferred to other schools if they were not selected. It claims that this violated the negotiated evaluation procedures in the CBAs.  In addition, petitioner argues that the certificated employees (*i.e.*, teachers) who *were* selected for Dream Schools are not being adequately compensated for working longer hours, in violation of other CBA provisions.

Respondent asserts that the consent decree trumps any alleged violation of the CBAs.  In short, it argues that arbitration should not proceed because there is a risk that the arbitrator would incorrectly interpret the obligations of the school district under the consent decree, in conflict with the prior rulings of this Court.  It points to several provisions suggesting that the parties openly acknowledged the supremacy of the consent decree.  Article 39 of the CBA applicable to certificated employees provides in relevant part:

> Subject to compliance with the terms of the Consent Decree . . . the District and the Union shall: (1) continue to honor their obligations under the collective bargaining agreement, and (2) also honor their obligations to bargain and/or consult on matters . . . including the impact, if any, which compliance with said Consent Decree has on such matters.  The Union and the District agree that the staffing of personnel at those schools impacted by the Consent Decree shall be in accordance with a plan developed pursuant to the Consent Decree to successfully implement the approved educational programs for the students.  Only teachers who apply for positions may be selected; those selected shall be the most qualified based upon the plan and educational programs.

2

**United States District Court**
For the Northern District of California

1   Similarly, Article 21.6 of the CBA applicable to paraprofessional employees provides:

2       The District and the Union reaffirm that the provisions of their collective
        bargaining agreement, including this Article [concerning layoffs], shall be
3       in compliance with the terms of the Consent Decree, *NAACP, et al. v.*
        *San Francisco Unified School District*, Civil No. C78-1445 WHO.  The
4       District and the Union agree that United Support Personnel staffing, as
        contemplated herein, at schools impacted by said Consent Decree shall be
5       in accordance with said Decree Plan.

6   In short, respondent argues that the parties never intended any disputes arising from the school

7   district's implementation of Dream Schools to be subject to arbitration.  In the alternative,

8   respondent urges the Court to exercise its discretion under California Civil Procedure Code

9   § 1281.2(c) and refrain from enforcing the arbitration clause due to the possibility of conflicting

10  rulings.

11                                          **ANALYSIS**

12          The parties agree that the determination of whether an issue is subject to arbitration is

13  governed by California law, not federal law.  On a petition to compel arbitration, the court shall

14  order the petitioner and the respondent to arbitrate if it determines that an agreement to arbitrate

15  the controversy exists, unless (a) the right to arbitration has been waived by petitioner; or

16  (b) grounds exist for revocation of the agreement; or (c) a party to the arbitration agreement is

17  also a party to a pending court action or special proceeding arising out of the same transaction

18  or series of related transactions and there is a possibility of conflicting rulings on a common

19  issue of law or fact.  If the third exception applies, the court (1) may refuse to enforce the

20  arbitration agreement; (2) may order intervention or joinder of all parties in a single action;

21  (3) may order arbitration among the parties who have agreed to arbitrate and stay the pending

22  court action; or (4) may stay arbitration pending the outcome of the pending court action.  Cal.

23  Civ. Proc. Code § 1281.2.  This order notes that the parties appear to agree that the grievance

24  procedures outlined in the CBAs (and other provisions thereof) are otherwise enforceable.  The

25  dispute is whether grievances that stem from the school district's obligations under the consent

26  decree are also subject to arbitration.

27          "Arbitration is, of course, a matter of contract, and the parties may freely delineate the

28  area of its application."  *O'Malley v. Wilshire Oil* 59 Cal.2d 482, 491 (1963).  Any doubts,

however, should be resolved in favor of submitting the grievance to arbitration. *Ibid.* Because there is a strong policy favoring arbitration agreements, "waivers are not to be lightly inferred and the party seeking to establish a wavier bears a heavy burden of proof." *Saint Agnes Med. Ctr. v. Pacificare of Calif.*, 31 Cal.4th 1187, 1195 (2003).

Respondent argues that petitioner waived the right to arbitrate any grievances that arose from the school district's implementation of Dream Schools as required under the consent decree. This order agrees as to the staffing issue. But, the provisions in the CBAs cited above do *not* bar an arbitrator from hearing grievances concerning the district's obligations to employees now at Dream Schools. The arbitrators may decide whether there was any violation of the CBAs independent of the parties' agreement that staffing (*i.e.*, selection of employees) at schools impacted by the consent decree would be in accordance with the consent decree itself. Petitioner correctly argues that the awards, if any, are not self-enforcing. Respondent may thus file a petition to vacate the arbitration awards if they are inconsistent with the consent decree.

Finally, it is not clear that petitioner's grievances arose out of the same transaction or series of transactions as any pending court actions. The grievances stemmed from the reconstitution of the seven new schools targeted for conversion into Dream Schools. In the related action listed above, however, the reconstitution of these schools was a proposed remedy for, rather than the basis of, the underlying allegations of *de jure* segregation. Even assuming that California Civil Procedure Code § 1281.2(c) applied here, the Court would decline to exercise its discretion to refuse to enforce the arbitration clause, at least as described below.

**CONCLUSION**

For the foregoing reasons, the petition to compel arbitration is **GRANTED**. The parties are ordered to proceed immediately to arbitration, subject to the following conditions:

(1)    Under no circumstances may the selected arbitrators consider whether the manner of selecting employees for the seven new Dream Schools was consistent with the school district's obligations under the consent decree. In other words, the arbitrators may not grant any award to involuntarily transferred employees on the basis that they were not selected for Dream Schools.

(2)    With respect to teachers that *were* selected for the Dream Schools, the arbitrator can decide if the terms and conditions of their employment violated the CBAs or other agreements negotiated between the parties.  Be aware that the decree fully intended that Dream School teachers would be required to work longer hours per week than other teachers and no award can or should be based on that difference, except to the extent that pay was not adjusted accordingly.

(3)    The arbitration proceedings must be completed by **JUNE 30, 2006**.

(4)    The Court retains jurisdiction to enforce (or vacate) any award.

**IT IS SO ORDERED.**

Dated:  November 17, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

5